UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ISHMELL NEAL GARRETT,

　　　　　Petitioner,

　　　　　　　v.　　　　　　　　　　　　　　　　CAUSE NO. 3:24-CV-331

WARDEN,

　　　　　Respondent.

**OPINION AND ORDER**

Ishmell Neal Garrett, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his convictions for three counts of child molestation and two counts of sexual misconduct with a minor under Case No. 45G04-1207-FA-17. Following a jury trial, on December 18, 2014, the Lake Superior Court sentenced him to ninety years of incarceration.

In the habeas petition, Garrett asserted the following grounds: (1) trial counsel failed to object to the admissibility of improper character evidence under Ind. R. Evid. 404(b)(1); (2) trial counsel failed to file any motions in limine, depose witnesses, or object to trial testimony based on relevance; and (3) trial counsel failed to object to a biased juror. [DE 1]. In response, the Warden maintains that the habeas petition is untimely and that Grounds 2 and 3 are procedurally defaulted. [DE 8]. In the traverse, Garrett replies that he is entitled to equitable tolling due to the actions of his post-conviction counsel, but he concedes that Grounds 2 and 3 are procedurally defaulted. [DE 15 at 9-12, 26]. Consequently, the court declines to further consider Grounds 2 and 3 on the basis that they are procedurally defaulted. *See Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) ("A habeas petitioner who

1

has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim.").

He further moves to expand the record and to stay proceedings pending State disciplinary proceedings against post-conviction counsel to allow him to demonstrate that he is entitled to equitable tolling. [DE 16; DE 17]. However, the court will assume that Garrett is entitled to equitable tolling for purposes of this opinion. *See Holland v. Fla.*, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). As a result, the court DENIES AS MOOT the Motion to Expand the Record [DE 16] and the Motion to Stay [DE 17] filed on September 3, 2024. The court will consider the merits of Ground 1 from Garrett's Petition [DE 1].

LEGAL STANDARDS

Habeas Review

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015) (quotations and citation omitted).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

2

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods*, 135 S. Ct. at 1376 (quotation marks and citations omitted). Criminal defendants are entitled to a fair trial but not a perfect one. *Rose v. Clark*, 478 U.S. 570, 579 (1986). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted).

<u>Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim in the State courts, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91.

3

The test for prejudice is whether there was a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* at 693. In assessing prejudice under *Strickland* "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). However, "[o]n habeas review, [the] inquiry is now whether the state court unreasonably applied *Strickland*." *McNary v. Lemke*, 708 F.3d 905, 914 (7th Cir. 2013). "Given this high standard, even 'egregious' failures of counsel do not always warrant relief." *Id.*

DISCUSSION

At trial, the state alleged that Garrett engaged in a pattern of sexual abuse over a 3-year period and that the abuse occurred in Gary, Indiana as well as Kentucky, Alabama, and Tennessee. The victim was Garrett's stepdaughter, and she testified that Garrett repeatedly fondled her and forced her to engage in oral and vaginal sex. The State also called a number of family members who provided corroborating evidence. Finally, expert testimony established that Garrett "groomed" the victim with gifts and affection coupled with isolation from other children and fits of anger if she displayed any lack of affection towards him. The evidence was more than sufficient to support the conviction and the harsh sentence.

Garrett argues that he is entitled to habeas relief because trial counsel failed to object to the admissibility of improper character evidence under Ind. R. Evid. 404(b)(1). He specifically focuses on testimony regarding the uncharged acts of sexual misconduct that occurred in other States. Rule 404(b)(1) is substantially similar to its federal counterpart, and reads in relevant part as follows:

4

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

The trial court denied Garrett's claim of ineffective assistance of counsel, and that decision was affirmed on appeal. *Garrett v. State*, 2023 WL 5344988 at *7 (Table at 219 N.E.3d 83 (Ind. Ct. App. 2023)). In particular, the court of appeals stated:

> We first address Garrett's claim that his trial counsel rendered ineffective assistance by failing to object to the admission of evidence regarding acts of molestation that were alleged to have occurred in other states. During the post-conviction hearing, Garrett's counsel questioned Trial Counsel Mullins about this claim, and the State cross-examined counsel on it. Trial Counsel Mullins explained that he had made a strategic decision not to object to evidence regarding acts of molestation that were alleged to have occurred in Kentucky, Tennessee, and Alabama. He testified that the allegations from the other states had not been substantiated and that he had felt that the "voluminous" or "outlandish" nature of the allegations showed that A.G. and the allegations were not credible. (Tr. Vol. 2 at 148, 150).
>
> The post-conviction court noted that trial counsel had made a strategic decision to use the other allegations to help undermine A.G.'s credibility and the State's case and determined that trial counsel's strategic decision was not unreasonable. The post-conviction court, after reviewing the trial transcript, concluded that Trial Counsel Mullins had made a "valiant effort ... to undermine the credibility of [A.G.]" and that Garrett had failed to show deficient performance or prejudice in regard to his claim. (App. Vol. 2 at 32).
>
> We agree with the post-conviction court that Garrett has failed to show that his trial counsel rendered ineffective assistance when he made a strategic decision not to object to the evidence. "Few points of law are as clearly established as the principle that [t]actical or strategic decisions will not support a claim of ineffective assistance." *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (cleaned up), reh'g denied. "Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord that decision deference." *McCullough v. State*, 973 N.E.2d 62, 75 (Ind. Ct. App. 2012) (cleaned up), trans. denied. "The judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight." *Talley v. State*, 736 N.E.2d 766, 769 (Ind. Ct. App. 2000). Our review of the record reveals that trial counsel's trial performance was clearly directed at implementing his deliberately chosen defense strategy. We will give that strategic decision its due deference, and we affirm the post-conviction court's denial of post-conviction relief on this claim. See *McCullough*, 973 N.E.2d at 75 (affirming the post-conviction court's denial of post-conviction relief to a petitioner on his claim that his trial counsel rendered ineffective assistance by failing to object

to the victim's testimony regarding uncharged episodes of molestation where trial counsel's chosen defense strategy included using the uncharged misconduct to challenge the victim's credibility).

*Garrett*, 2023 WL 5344988 at *7. The Court of Appeals' decision forms the basis for the habeas petition.

The appellate decision and the petition are based on a misunderstanding of the principles raised in Rule 404(b)(1) and Rule 404(b)(2). Trial counsel was not required to object to conduct which occurred in other states because the evidence was admissible under Rule 404(b)(2):

> (2) Permitted Uses. Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

*See also Burkins v. State*, 219 N.E.3d 735, 743 (Ind. Ct. App. 2023); *Hicks v. State*, 690 N.E.2d 215, 219 (Ind. 1997)("prior actions may be admissible to show motive, intent, or other proper purpose."); *Malone v. State*, 441 N.E.2d 1339, 1346 (Ind. 1982) ((citing to Kimmel v. State, 418 N.E.2d 1152, 1154) ("Evidence of other criminal activity may be admissible in certain cases to prove an accused's identity, knowledge, intent or motive, or to demonstrate the common plan or scheme of criminal activity from which the accused originated the charged crime.")).

The evidence demonstrated that Garrett subjected the victim to a continuous pattern of sexual abuse over a 3-year period. Whether the misconduct occurred in Indiana or any other state was irrelevant - it was part of a common scheme or plan. Trial counsel's failure to object to relevant and admissible evidence cannot amount to ineffective assistance of counsel.

<u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Garrett to proceed further.

For these reasons, the court **DENIES** the motion to expand the record [DE 16]; **DENIES** the motion for discovery [DE 17]; **DENIES** the habeas corpus petition [DE 1]; **DENIES** a certificate of appealability pursuant to **Section 2254 Habeas Corpus Rule 11**; and **DIRECTS** the clerk to enter judgment in favor of the Respondent and against the Petitioner.

ENTERED this 25th day of February, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge

7